■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER BARCA, Appellant.— Appeal (1) from a judgment rendered by the County Court, Kings County, sentencing appellant, after he had been found guilty by a jury of robbery in the first degree, to serve from 10 to 20 years, and (2) from an order denying his motion to set aside the verdict and for a new trial. Judgment reversed upon the law and the facts, and a new trial ordered. In our opinion, while the learned Trial Judge's charge to the jury was free of error and bias, the cumulative effect of a number of incidents, occurring during the course of trial and summation, served to deprive appellant and his codefendant, Gaetano Coletti, of a fair trial. The major issue of fact was the identification of the appellant and his codefendant, who were arrested about six months after the robbery charged had taken place. In the intervening period of time the complaining witness, whose identification constituted the principal element of the respondent's proof, had not seen the appellant or his codefendant. Neither had she ever seen appellant nor his codefendant before the crime occurred. Under the circumstances, the fullest probing by defense counsel was warranted as to the complaining witness' perceptive powers and inconsistencies developed during her identifications of appellant and his codefendant, in the police line-up, the City Magistrate's Court, and the trial courtroom. As a consequence, the Trial Judge's repeated remarks to counsel in the presence of the jury that the cross-examination of the complaining witness was too prolix served unduly to prejudice the appellant and his

codefendant in their defense. The trial court's curtailment of the summation of counsel for appellant with the observation that a briefer presentation would have been adequate likewise further deprived appellant of a fair trial. In view of the facts that there was a sharp and fairly debatable issue as to whether appellant and his codefendant participated in this crime, that they had no previous criminal record, and that they offered alibi evidence of their presence at places other than the complaining witness' home, where the crime charged took place, we have concluded that, in the interests of justice, a new trial should take place. No separate appeal lies from the intermediate order, which has been reviewed on the appeal from the judgment. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.